**Willie WRIGHT, Petitioner,**

v.

**Dwayne A. CLARK, Respondent.**

**No. 99 C 3303.**

United States District Court,
N.D. Illinois,
Eastern Division.

April 5, 2000.

Willie Wright, Joliet, IL, Pro se.

Colleen M. Griffin, Illinois Attorney General's Office, Chief of Criminal Appeals, Illinois Attorney General's Office, Chicago, IL, for Dwayne A Clark, respondents.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

In 1995, Mr. Wright was convicted of first degree murder in Illinois Circuit Court, for which he received a sentence of 60 years in prison, and attempted armed robbery, for which he got a further eight years. He appealed to the Illinois Appellate Court, and in 1996 his attempted robbery sentence was vacated, but his murder sentence was affirmed. In 1996, he filed an unsuccessful pro se petition for state post-conviction relief. In 1999, Mr. Wright filed this petition for federal habeas corpus under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. I deny his claim for habeas relief.

Mr. Wright raised three issues in his direct appeal to the state courts. He argued that: (1) the trial court erred in denying his motion to quash arrest and suppress statements where he was arrested without probable cause because the police informant was unreliable; (2) the state failed to prove attempted robbery beyond a reasonable doubt; and (3) the trial court abused its discretion in imposing the maximum sentence. In the present petition, he also raises three grounds. (1′) is the same as (1) above, but he also argues that (2′) the court failed to dismiss the indictment when the government's bill of particulars was erroneous, and (3′) the indictment did not charge an offense properly and the judge misinstructed the jury.

■ A state prisoner like Mr. Wright may obtain federal habeas review of his claims only if he has exhausted his state remedies and avoided procedurally defaulting his claim. 28 U.S.C. § 2254(b) & (c); *Schaff v. Snyder*, 190 F.3d 513, 524 (7th Cir.1999). Because Mr. Wright did not raise his claims as to the bill of particulars and the indictment and misinstruction on direct appeal, these claims have been procedurally defaulted.

■ Mr. Wright has also procedurally defaulted his claim about arrest without probable cause. He did indeed appeal this claim to the Illinois Appellate Court, but he did not raise the argument in his petition for leave to appeal to the Illinois Supreme Court, arguing there only that the rule underlying his attempted robbery conviction—the one that had been vacated by the appellate court—should be rejected. The United States Supreme Court has held that the statutory requirement that a habeas petitioner must exhaust his state remedies, giving the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition, 28 U.S.C. S 2254(b)(1), is to be interpreted to require exhaustion of discretionary as well as mandatory direct appeals. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 1734, 144 L.Ed.2d 1 (1999). Since Mr. Wright's time for an appeal to the Illinois Supreme Court is up, his failure to present the probable cause argument to that court has resulted in a procedural default of that claim.

■ If Mr. Wright procedurally defaulted or otherwise forfeited his claim, he may obtain federal habeas relief only upon a showing of cause and prejudice for the default or upon a showing that a failure to grant him relief would work a fundamental miscarriage of justice. *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir.1999). "Cause" means that the omission was not his fault. "Prejudice" means that it would have mattered, that the outcome would have been changed had the error not been made.

■ A fundamental miscarriage of justice occurs when "a constitutional viola-

tion has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). That is not so here. Questions about the reliability of Tanzell Eaton, the witness on whose information Mr. Wright's arrest was based, and his accomplice in the murder, do not suggest that Mr. Wright is actually innocent. Basically, Mr. Wright denies that he was the shooter. He says Mr. Eaton did it.

Giving Mr. Wright his best case for actual innocence, he might say that the jury might have only convicted him of felony murder as an accomplice in the attempted robbery of which he was convicted but which conviction was vacated by the appeals court. As Mr. Wright himself acknowledges, the judge instructed the jury on the accountability statute. Mr. Wright might argue that his murder conviction could not be sustained under an accountability theory after the vacation of the attempted robbery conviction. The Illinois Supreme Court has said that ("[a]ccountability for felony murder ... exists only if defendant may be deemed legally responsible for the felony that accompanies the murder."). *People v. Shaw*, 186 Ill.2d 301, 239 Ill.Dec. 311, 713 N.E.2d 1161 (1999), *but see People v. Rhoden*, 299 Ill.App.3d 951, 234 Ill.Dec. 43, 702 N.E.2d 209, 213 (1998) (upholding felony murder conviction despite acquittal for underlying offense of attempted robbery) (perhaps restricted to special circumstances, *see id.* at 215, and maybe no longer good law after *Shaw*).

■ Nonetheless, this argument presumes that Mr. Wright could not be held liable as the principal rather than the accessory. He gives no reason beyond his bare say-so to think that he was not in fact the shooter. A petitioner's bald and unsupported assertion of innocence is not enough to give rise to the supposition that he is actually innocent. He instead must point to "actual proof of the allegations going beyond mere unsupported assertions." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996).

■ Mr. Wright must therefore rely on cause and prejudice. The only grounds for cause that he suggests for failing to raise an issue, thus leading to procedural default, is a claim of ineffective assistance of counsel. He says in his petition that his counsel on appeal didn't present all the grounds in his petition to the highest court in Illinois "as asked." In a pro se petition, which is to be construed quite liberally, especially when someone faces 60 years in prison, that is enough to raise an ineffective assistance claim.

■ For ineffective assistance of counsel, defendant's counsel's performance must have fallen below "an objective standard of reasonableness" based upon "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel's performance is presumed to fall within the wide range of reasonable professional judgment. *Id.* at 689, 104 S.Ct. 2052. To overcome this presumption, Mr. Wright must demonstrate that his trial counsel's performance was deficient and that his counsel's deficiencies prejudiced his defense. *Id.* at 701, 104 S.Ct. 2052.

■ Mr. Wright has pretty good reason to be upset with his appellate representation to the Illinois Supreme Court. Instead of appealing his murder conviction on the basis of his probable cause claim or any other grounds,[1] counsel appealed his

---

1. Mr. Wright offers no reason to think that his counsel could have appealed on grounds of any errors in the state's bill of particulars or the indictment and jury instructions, since he does not say, and it does not appear, that objections on these grounds were raised at trial and so preserved for appeal. Mr. Wright did not even raise these objections in his own state post-conviction petition. They seem to be afterthoughts raised only in his federal habeas petition, and therefore procedurally defaulted.

I remark that Mr. Wright's claim about the bill of particulars is too vague for me to evaluate it even if I were permitted to consider it. His complaint that he was not charged under an accountability statute could not, moreover, be a basis for granting his petition. In Illinois, a jury may be instructed on felony

*vacated attempted robbery conviction* on the grounds that the rule on which the conviction was based should be overturned. What could his counsel have been thinking?

 However, Mr. Wright's representation was not constitutionally deficient. His lawyer might have reasonable grounds for not appealing Mr. Wright's murder conviction to the Illinois Supreme Court, at least on the grounds he suggests here. The Illinois Appellate Court found that there was probable cause for the arrest based on two pieces of evidence. The first is the statement that Mr. Eaton told police that his "co-companions," Mr. Wright and a Mr. Hampton, set out to rob the victim and that during the course of the robbery, Mr. Wright had done the shooting. Mr. Wright argued that this could not be interpreted to mean that Mr. Eaton was present at and witnessed the shooting, and so was the statement of an unreliable informant. The Illinois Appeals Court, however, correctly held that the statement will bear the reading the police gave it. There is probable cause for arrest "as long as a reasonably credible witness ... informs the police that someone has committed, or is committing, a crime ...," *Spiegel v. Cortese,* 196 F.3d 717, 723 (7th Cir.1999), and Mr. Eaton's statement was that of a reasonably credible person.

 Even if one has reservations about using the otherwise unsupported testimony of an accomplice to make a probable cause determination, the statement was not wholly unsupported in the totality of the circumstances. A suspect's "actual flight from an officer may certainly provide information to ripen an officer's preexisting suspicions into probable cause." *Tom v. Voida,* 963 F.2d 952, 960 (7th Cir.1992). Mr. Wright fled the police when they appeared at his door and identified themselves. There was probable cause for arrest. Therefore, Mr. Wright cannot show either that his representation was constitu-

murder even if felony murder was not specifically charged. *People v. Maxwell,* 148 Ill.2d

tionally deficient or that that any deficiencies of his counsel's performance actually prejudiced him.

 The long and short of it is that even if Mr. Wright had a better lawyer who would have appealed the conviction that the intermediate court left standing rather than the one it vacated, the Illinois Supreme Court would have come out the same way, as would I if I were permitted to evaluate the claim on its merits, rather than merely subject it to a prejudice evaluation. Because he was not prejudiced by any constitutional incompetence on the part of his attorney, Mr Wright cannot invoke ineffective assistance of counsel to show cause for his procedural default. Without cause, I cannot excuse his procedural default of the probable cause claim. He offers no reasons that would excuse default of his other claims.

Accordingly I DENY Wright's petition for habeas corpus under 28 U.S.C. § 2254.

116, 170 Ill.Dec. 280, 592 N.E.2d 960 (1992).