Docket No. 90364–Agenda 14–May 2001.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. KEVIN McCOY, Appellant.

Opinion filed October 17, 2003.

JUSTICE FITZGERALD delivered the opinion of the court:

Following a bench trial, the circuit court of Cook County found defendant, Kevin McCoy, guilty of two counts of aggravated criminal sexual assault and not guilty on several other counts, including an unlawful restraint count. The court sentenced defendant to 15 years’ imprisonment. Defendant appealed, arguing that his convictions for aggravated criminal sexual assault were legally inconsistent with his acquittal for unlawful restraint. The appellate court affirmed. No. 1–99–3176 (unpublished order under Supreme Court Rule 23). For the reasons discussed below, we affirm the judgment of the appellate court.

BACKGROUND

On September 11, 1998, L.W., an adult, was sleeping in her bedroom at a home in Riverdale, Illinois, in which she lived with her mother and defendant. She heard a loud noise as her bedroom door opened and a person put a pillow over her face. The person started punching her face through the pillow and told her to “shut up, move your legs, move your legs.” L.W. recognized the voice as that of defendant. L.W. fought defendant and faked an asthma attack, telling defendant that she could not breathe and that she was going to die. Eventually, L.W. could not fight any more, and she remained still as defendant placed his fingers in her vagina and then in her anus. She felt something poking her on her left side but could not see the object. When defendant went into the bathroom, L.W. ran from the house. As defendant chased L.W. into the street, she began screaming and ran to the door of a neighbor. The neighbor opened the door and allowed L.W. to come in and call the police. The police took her home and then to the hospital. She was examined at the hospital, where she was administered a rape kit and treated for cuts on her lip and face. A detective examined the scene the next day and found L.W.’s bedroom in dissarray with bed linens strewn about. He found a screwdriver wrapped up in the bed linen, as well as a pillow with a reddish brown stain.

Defendant later gave a statement to an assistant State’s Attorney, stating that he was at home smoking crack and “went into [L.W.’s] bedroom because I wanted to seduce her.” In the statement, defendant said that L.W. was in her bed and that he got on top of her and put a pillow over her head because she was screaming. L.W. struggled and he punched her through the pillow and cut L.W.’s lip. He inserted his finger into her vagina and anus.

The State charged defendant in a 15-count information that included six counts of aggravated criminal sexual assault (720 ILCS 5/12–14 (West 1998)). At trial, defendant conceded that he had a physical altercation with L.W., but denied putting his finger into L.W.’s vagina or anus. He also denied making a written confession to the assistant State’s Attorney. The trial court found defendant guilty of two counts of aggravated criminal sexual assault and not guilty of all of the other charges, including unlawful restraint. Specifically, the court convicted defendant on count I, which alleged that defendant caused bodily harm to the victim by striking her, in violation of section 12–14(a)(2) of the Criminal Code of 1961 (720 ILCS 5/12–14(a)(2) (West 1998)) and count III, which alleged that defendant threatened or endangered the life of the victim by placing a pillow over her face, in violation of section 12–14(a)(3) (720 ILCS 5/12–14(a)(3) (West 1998)). After merging the two counts into one offense, the trial court sentenced defendant to 15 years’ imprisonment.

Defendant appealed, arguing that the convictions for aggravated criminal sexual assault were legally inconsistent with the acquittal for unlawful restraint and must therefore be vacated. Defendant relied upon 
People v. Klingenberg
, 172 Ill. 2d 270 (1996), where we held that legally inconsistent jury verdicts cannot stand. The appellate court agreed that the findings were legally inconsistent, but held that legal inconsistency in a bench trial does not contradict our rule in 
Klingenberg
. Rather, the court quoted 
People v. Rhoden
, 299 Ill. App. 3d 951, 960-61 (1998):

“ ‘While legally inconsistent findings in a criminal trial may, on occasion, indicate confusion on the part of the trial judge, there is not the same compelling reason to apply a 
per se
 rule in the context of a bench trial as there is in the context of a jury trial. This is so because a court reviewing a jury verdict generally lacks a sufficient basis to determine if the jury was confused. However, a reviewing court, by examining the trial record, may often ascertain whether a judge sitting as finder of fact was confused in making his or her disposition of a charge or charges. Moreover, in a bench trial, the trial judge is presumed to know the law.’ ”

The appellate court also noted, following 
Rhoden
, that, in a bench trial, if there is a rational basis for the court’s judgment, and an examination of the record as a whole indicates that there was no confusion, legally inconsistent findings by a trial judge may stand. The appellate court affirmed defendant’s convictions after finding the record did not reveal confusion by the trial judge and that the acquittal of the unlawful restraint charge was rational. No. 1–99–3176 (unpublished order under Supreme Court Rule 23). We allowed defendant’s petition for leave to appeal. 177 Ill. 2d R. 315. Because the appellate court judgment presents only issues of law, our review is 
de novo
. 
People v. Johnson
, 206 Ill. 2d 348, 359 (2002).

ANALYSIS

Defendant argues that the appellate court correctly found the trial court’s findings to be legally inconsistent, but applied the wrong standard in reviewing the trial court’s findings by following the 
Rhoden
 standard. Defendant argues that this court should apply 
Klingenberg 
to bench trials and reverse and remand this matter for further proceedings. Defendant alternatively argues that if this court is to apply the 
Rhoden 
standard, the record demonstrates confusion by the trial court. The State argues that the trial court’s findings were not legally inconsistent. In the alternative, the State argues that if the findings were legally inconsistent, this court should not apply 
Klingenberg
 to bench trials, but should instead adopt the 
Rhoden
 standard. Under 
Rhoden
, the State contends the record reveals a rational basis for the court’s findings of guilt.

Subsequent to briefing and argument in this matter, we reconsidered and overruled 
Klingenberg
. 
People v. Jones
, No. 93511 (May 22, 2003). We held in 
Jones
 that criminal “defendants in Illinois can no longer challenge convictions on the sole basis that they are legally inconsistent with acquittals on other charges.” 
Jones
, slip op. at 8. Although 
Jones 
arose in the context of reviewing a jury trial, it also controls here.

In 
Jones
, we were persuaded by the decision of the United States Supreme Court in 
United States v. Powell
, 469 U.S. 57, 83 L. Ed. 2d 461, 105 S. Ct. 471 (1984), which “reiterated that consistency in the verdicts is not required as a matter of constitutional law and that inconsistent verdicts can often be explained as a product of juror lenity.” 
Jones
, slip op. at 5, citing 
Powell
, 469 U.S. at 63, 83 L. Ed. 2d at 467, 105 S. Ct. at 475. We also concluded that the views of the dissenters in 
Klingenberg
 were correct. 
Jones
, slip op. at 8, citing 
Klingenberg
, 172 Ill. 2d at 285-89 (Miller, J., dissenting, joined by Freeman, J.). We found that the 
Klingenberg
 majority mistakenly searched for a rational explanation of juror lenity. 
Jones
, slip op. at 8. We also agreed with the 
Klingenberg 
dissent that 
Powell
 was correct in that there was no reason to allow only the defendant to appeal because one could not assume that the acquittal was the “correct” verdict. 
Jones
, slip op. at 8. We further agreed that the acquittal is just as likely a boon given to a defendant. 
Jones
, slip op. at 8. Thus, we rejected the 
Klingenberg 
decision’s central rationale that legally inconsistent verdicts are “unreliable” and “suggest confusion or misunderstanding on the part of the jury.” 
Klingenberg
, 172 Ill. 2d at 281.

We follow 
Jones
 here because the prospect of confusion identified in 
Klingenberg
 on the part of a judge sitting in a bench trial is decidedly diminished from that of a jury. Indeed, we must presume that a trial judge knows the law. 
Harris v. Rivera
, 454 U.S. 339, 346-47, 70 L. Ed. 2d 530, 536-37, 102 S. Ct. 460, 465 (1981); 
People v. Woolley
, 178 Ill. 2d 175, 200 (1997). In 
Harris
, the United States Supreme Court rejected a defendant’s challenge to an inconsistent verdict rendered in a bench trial. The Court stated:

“We are not persuaded that an apparent inconsistency in a trial judge’s verdict gives rise to an inference of irregularity in his finding of guilt that is sufficiently strong to overcome the well-established presumption that the judge adhered to basic rules of procedure.

Other explanations for an apparent inconsistency are far more likely. Most apparent is the likelihood that the judge’s actual observation of everything that transpired in the courtroom created some doubt about the guilt of one defendant that he might or might not be able to articulate in a convincing manner.” 
Harris
, 454 U.S. at 346-47, 70 L. Ed. 2d at 536-37, 102 S. Ct. at 465.

The 
Harris
 court also stated that the federal Constitution does not prohibit state judges from being excessively lenient. 
Harris
, 454 U.S. at 348, 70 L. Ed. 2d at 537, 102 S. Ct. at 465.

Though we do not encourage trial judges to stray from their duty to follow the law, we do acknowledge, without condoning, the clear reality that trial judges may exercise lenity in what they perceive as the interests of justice. Thus, we do not reject an inconsistent verdict rendered in a bench trial as unreliable and suggestive of confusion. We also find that our other reasons as expressed in 
Jones
 for denying a defendant the right to challenge an inconsistent verdict rendered by a jury apply with equal force here. 
Jones
, slip op. at 8. Therefore, it is no longer necessary for reviewing courts to examine the record as a whole to rule out confusion on the part of the trial judge.

We need not reach the issue of whether defendant’s convictions on two counts of aggravated criminal sexual assault were inconsistent with the unlawful restraint acquittal. Even if the verdict was inconsistent, the trial court’s findings of guilt stand. We lastly note that had defendant been found guilty of unlawful restraint, a Class 4 felony (720 ILCS 5/10–3 (West 2002)), the trial judge could have sentenced defendant to a maximum of six years if the trial judge found aggravating factors to be present. 730 ILCS 5/5–8–2 (West 2002). There is nothing in the record to suggest that the trial judge could not have run defendant’s sentence on the unlawful restraint count concurrently with his 15-year sentence based on the two counts of aggravated criminal sexual assault. 730 ILCS 5/5–8–4 (West 2002). Thus, the trial court’s findings may also reflect sound judicial management given the repetitive multiple counts of the 15-count information.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the appellate court affirming the judgment of the trial court.

Affirmed
.

JUSTICE KILBRIDE, specially concurring:

In 
People v. Jones
, No. 93511 (May 22, 2003), this court reconsidered and overruled 
Klingenberg
. I dissented from the majority in 
Jones
, in large part, because of the majority’s unwarranted abandonment of the principle of 
stare decisis
 and because I believe that the case should have been analyzed on an entirely different basis that would have avoided a reconsideration of 
Klingenberg
. Today’s decision follows 
Jones
. While I believe that in 
Jones 
this court unnecessarily and unwisely overruled 
Klingenberg
, 
Jones 
is now the law and, accordingly, the result in this case is mandated by principles of 
stare decisis
.

CHIEF JUSTICE McMORROW joins in this special concurrence.